IN THE UNITED STATES DISTRICT COURT
FOR NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **ELAINA TURNER and ULYSSES GREEN,** | ) ) ) |
| Plaintiffs, | ) ) ) |
| vs. | ) No.: 15CV6741 |
| **CITY OF CHICAGO, ET AL.,** | ) ) ) |
| Defendants. | ) |

## DEFENDANT CHICAGO POLICE OFFICER KELLY'S ANSWERS TO PLAINTIFF ELAINA TURNER'S FIRST SET OF INTERROGATORIES

Now comes Defendant, Chicago Police Officer Patrick Kelly, by and through his attorneys, BORKAN & SCAHILL, LTD., and in for his answers to Plaintiff, Elaina Turner's First Set of Interrogatories, states as follows:

1.  Please state YOUR full name, badge or identification number, rank or title, date of birth, and height and weight, along with such information for all officers or employees of the City of Chicago who participated in the arrest of Plaintiff on August 2, 2013.

**ANSWER:** Defendant Officer objects to Interrogatory no. 1 as vague and ambiguous as to who "participated in the arrest of Plaintiff," as it is vague and ambiguous as to which "Plaintiff" is being referred to in this Interrogatory. Defendant Officer further objects to this Interrogatory insofar as it seeks information that is outside the scope of this Defendant's knowledge. Subject to and without waiving said objections, the following individuals may have information regarding the arrest of Plaintiff Turner:

Officer Jeffrey Weber, Star no. 13854, DOB 12/23/1975, 5'7", 170lbs;

Officer Patrick Kelly, Star no. 19397, DOB 12/29/1980, 6', 205lbs.

Furthermore, see individuals listed or referred to in Plaintiffs' and Defendants' 26(a) Disclosures, individuals listed or referred to in documents previously produced by Defendants, and individuals listed or referred to in documents produced by Plaintiffs. Investigation continues.

2.  Please identify by name, address, and badge number all persons that YOU contend have knowledge of facts that relate to any of the claims or defenses in this action. If you answer this Interrogatory by incorporating Documents, please indicate whether there are any additional persons with knowledge responsive to this Interrogatory who are NOT listed in the documents to which you refer.

**ANSWER:** Defendant Officer objects to Interrogatory no. 2 as vague and ambiguous as to "persons" having knowledge or facts that relate to the claims and defenses in this action. It is unclear whether "persons" refers to employees of the Chicago Police Department or any and all "persons" having knowledge of facts or claims that relate to the claims and defenses in this action. Defendant Officer further objects to this Interrogatory insofar as it seeks information that is outside the scope of this Defendant's knowledge. Subject to and without waiving said objections, see answer to Interrogatory no. 1 above, individuals listed or referred to in Plaintiffs' and Defendants' 26(a) Disclosures, individuals listed or referred to in documents previously produced by Defendants, and individuals listed or referred to in documents produced by Plaintiffs. Investigation continues.

3.  For each person with knowledge responsive to the previous Interrogatory, give a brief summary of the facts known by each such person that relate to the claims or defenses in this action, including all categories of facts about which you contend the Person may be competent to testify at trial. If you answer this Interrogatory by incorporating Documents, please indicate whether there are any additional persons with knowledge responsive to this Interrogatory who are NOT listed in the documents to which you refer.

**ANSWER:** Defendant Officer objects to Interrogatory no. 3 insofar as it seeks information that is outside the scope of this Defendant's knowledge. Subject to and without waiving said objections, see answer to Interrogatory no. 1 above, individuals listed or referred to in Plaintiffs' and Defendants' 26(a) Disclosures, individuals listed or referred to in documents previously produced by Defendants, and individuals listed or referred to in documents produced by Plaintiffs. Investigation continues.

4.  Please list each and every lawsuit for which YOU have been named a defendant that charged you, individually or in your official capacity as a police officer, with misconduct of any kind? For each such federal or state lawsuit please state: (a) court caption, (b) court for which it was filed, (c) the outcome of the case; and (d) a brief summary of the allegations against YOU.

**ANSWER:** Defendant Officer objects to Interrogatory no. 4 as overly broad, unduly burdensome and as not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving said objections:

(a) *Martinez v. City of Chicago*, et al., 09 CV 05938; (b) United States District Court, Northern District, Illinois; (c) Claims dismissed pursuant to stipulation of dismissal; (d) Allegations of false arrest, excessive force, illegal search and seizure, conspiracy,

2

failure to intervene, and due process violations, with pendant state law claims of battery, false arrest, intentional infliction of emotional distress, and malicious prosecution.

(a) *Rios v. City of Chicago*, et al., 08 C 4272; (b) United States District Court, Northern District, Illinois; (c)Claims dismissed pursuant to settlement; (d) Allegations of false arrest, excessive force, and failure to intervene, with pendant state law claims of battery, unlawful detention, malicious prosecution, and intentional infliction of emotional distress.

(a) *LaPorta v. City of Chicago, et al.*, 10 L 11901; (b) Circuit Court of Cook County; (c)Claims dismissed; (d) Investigation continues.

Investigation continues.

5. In the past ten (10) years immediately prior to the INCIDENT, has a complaint ever been filed against YOU by any individual alleging that YOU abuse your authority, engaged in excessive force against them, falsely arrest them, failed to provide medical treatment, violated their civil rights, or any other type of misconduct. If answer is in the affirmative, provide for each such complaint:
    (a) What agency reviewed or investigated the complaint;
    (b) Whether the agency ever made YOU make a oral statement regarding the allegation;
    (c) Whether the complaint involved an allegation against a woman;
    (d) The outcome of each complaint and whether discipline was recommended or given;
    (e) The identity of each complainant.

**ANSWER:** Defendant Officer objects to Interrogatory no. 5 as overly broad, unduly burdensome, and as not reasonably calculated to lead to the discovery of admissible evidence. Furthermore, Interrogatory no. 5 seeks information which is outside the scope of this Defendant Officer's knowledge. Subject to and without waiving said objections, see answer to Interrogatory no. 6 and CR files produced in this matter.

6. Describe the reasons for Plaintiff Elaina Turner's arrest on August 2, 2013, and include the following:
    (a) The circumstances that led YOU to believe there was probable cause to arrest Plaintiff;
    (b) Whether Plaintiff Elaina Turner was informed that she was under arrest, and if so, what was said and by whom;
    (c) Whether Plaintiff Elaina Turner made any oral statements prior to being informed he was under arrest, and if so, what Plaintiff's oral statements were;
    (d) Whether Plaintiff Elaina Turner made any physical movements leading to his arrest, and if so, what were Plaintiffs physical movements;
    (e) Whether Plaintiff Elaina Turner said anything in response to the verbal commands of arrest and the specific actions Plaintiff took immediately after being advised he was under arrest; and

  (f) All details YOU witnessed and observed about the manner of making the arrest of Plaintiff Elaina Turner.

**ANSWER:** Plaintiff Turner was arrested for obstruction and resisting arrest; (a) Plaintiff Turner ignored multiple verbal warnings to stay away from the vehicle, opened the passenger side door of the vehicle after being instructed not to enter the vehicle, and pulled away/fled after she was informed that she was under arrest; (b) This Officer informed Plaintiff Turner that she was under arrest by stating, "you're under arrest"; (c) This Officer does not recall any specific statements made by Plaintiff Turner prior to being informed that she was under arrest; (d) Plaintiff Turner ignored multiple verbal warnings to stay away from the vehicle and continue to advance toward the vehicle, opened the passenger side door of the vehicle after being instructed not to enter the vehicle, and pulled away/fled after she was informed that she was under arrest; (e) This Officer does not recall whether Plaintiff Turner said anything in response to the verbal commands of arrest. After being advised she was under arrest, Plaintiff Turner pulled away from this Officer and fled; (f) This Officer objects to Interrogatory no. 6(f) to the extent that it calls for a narrative and is better suited for a deposition. Subject to and without waiving such objections, see this Officer's August 17, 2015 statement to IPRA and the transcript of the testimony of this Officer at Plaintiffs' criminal trial.

7. Describe the reasons for Plaintiff Ulysses Green arrest and include the following:
  (a) The circumstances that led YOU to believe there was probable cause to arrest Plaintiff Ulysses Green;
  (b) Any and all persons YOU notified of the probable cause to arrest Plaintiff Ulysses Green;
  (c) Any and all actions YOU observed Ulysses Green commit to warrant probable cause for his arrest;
  (d) All reasons why YOU did not arrest Plaintiff Ulysses Green on August 2, 2013.

**ANSWER:** Plaintiff Green was arrested for aggravated assault to an officer; (a) Plaintiff Green took a swing at ths Officer with his hand and fist in an attempt to strike this Officer; (b) Defendant Officer objects to Interrogatory no. 7(b) to the extent that it seeks information that is privileged pursuant to the attorney-client privilege and to the extent that it is not limited in time or scope. Subject to and without waiving such objection, this Officer authored a General Offense Case Report and a Tactical Response Report and submitted them to his sergeant. Furthermore, at some point after this Officer was assaulted by Green, he informed his partner, Officer Weber, of the assault; (c) See answer to Interrogatory no. 7(a) above; (d) Plaintiff Green fled into his home and this Officer needed to continue placing Plaintiff Turner into custody. This Officer knew the identity and home address of Plaintiff Green as of August 2, 2013 and knew that the arrest could be executed at a later date.

4

8.    Describe the reasons YOU contend gave YOU legal justification to Taser Plaintiff Elaina Turner on August 2, 2013. If YOU allege to have Tased Plaintiff Elaina Turner more than once, please set forth the justification for each Tase.

**ANSWER:**    Defendant Officer objects to Interrogatory no. 8 to the extent that it calls for a legal conclusion. Furthermore, Interrogatory no. 8 seeks a narrative and is better suited for a deposition. Subject to and without waiving such objections, this Officer deployed his taser on Plaintiff Turner the first time as she was resisting arrest by fleeing. This Officer deployed his taser the second time because the first deployment was not effective to assist in brining Plaintiff Turner into custody and did not appear to have made proper contact with Plaintiff Turner's body. This Officer performed a drive stun to assist in getting Plaintiff Turner to the ground and into custody.

9.    In regards to YOUR Tasing Plaintiff Elaina Turner on August 2, 2013, please describe the following:
    (a)    The amount of times that YOU Tased Elaina Turner;
    (b)    The areas on the body the YOUR Taser made contact with Elaina Turner;
    (c)    The positioning of Elaina Turner's body when YOU first Tased Elaina Turner;
    (d)    Whether YOU dry stuned Elaina Turner on August 2, 2013;
    (e)    The amount of times YOU dry stuned Elaina Turner on August 2, 2013.

**ANSWER:**    Defendant Officer objects to Interrogatory no. 9 to the extent that it calls for a narrative and is better suited for a deposition and to the extent that it calls for speculation. Subject to and without waiving such objections: (a) This Officer deployed his Taser three times; (b) This Officer performed a drive stun to the back of Plaintiff Turner's thigh. This Officer does not know the exact contact points for the taser probes that made contact with Turner's body, but believes that probes made contact with one of her arms and may have made contact with her torso. (c) When this Officer deployed his taser for the first time, Plaintiff Turner's body was at an angle to this Officer. This Officer could see a portion of the back of Plaintiff Turner's body and a portion of the side of her body; (d) This Officer drive stunned Plaintiff Turner on the back of the thigh; (e) This Officer drive stunned Plaintiff Turner one time on August 2, 2013.

10.    Describe any and all *physical contact* or *forced* used by YOU on Plaintiff Elaina Turner during Plaintiff's arrest and detention. This includes, but not limited to, any and all contact YOU made with Plaintiff Elaina Turner during a search of her person or handcuffing. For each such contact described, please indicate whether the contact was made outside in public area or inside a Chicago Police Station.

**ANSWER:**    See answer to Interrogatory no. 9 above. This Officer grabbed Plaintiff Turner by the arm after informing her she was under arrest. This officer placed handcuffs on Plaintiff Turner. This Officer may have helped Plaintiff Turner to her feet after placing her in handcuffs. All physical contact that this Officer had with Plaintiff Turner was outside at the scene of her arrest.

5

11.     Describe any and all physical contact or force Plaintiff Elaina Turner committed against YOU prior to YOUR Tasing her on August 2, 2013.

**ANSWER:**     Plaintiff Turner pulled away from this Officer when he was attempting to place her under arrest.

12.     Please state any and all force or attempt of force used by Plaintiff Ulysses Green against or directed at YOU on August 2, 2013. For each such force or attempt of force, please identify the approximate location that it occurred.

**ANSWER:**     Plaintiff Green took a swing at ths Officer with his hand and fist in an attempt to strike this Officer. This occurred in the street near Plaintiff Green's van.

13.     Please state the date YOU became authorized by the Chicago Police Department to carry a Taser.

**ANSWER:**     This Officer does not recall the exact date of such authorization, but believes that it was within a week prior to the incident complained of in Plaintiff's Amended Complaint. Investigation continues.

14.     If YOU contend that YOU or other officers acted according to the established policies and customs of the City of Chicago or the Chicago Police Department at the time of Plaintiff's Tasing, identify the policies and customs and describe with particularity all facts supporting this contention.

**ANSWER:**     Defendant Officer objects to Interrogatory no. 14 to the extent that it calls for a narrative and is better suited for a deposition. Furthermore, this Interrogatory seeks information that is outside the scope of this Officer's knowledge. Subject to and without waiving such objections, this Officer contends that he acted in accordance with the training that he received from the Chicago Police Department and all policies and customs that were applicable at the time. Investigation continues.

15.     Please state any and all actions of Plaintiff Elaina Turner that YOU contend disobeyed YOUR direct orders or verbal commands on August 2, 2013.

**ANSWER:**     See answer to Interrogatory nos. 6, 8, and 9 above.

16.     During YOUR career as a Chicago Police Officer please indicate any and all suspensions or discipline made against YOU by the City of Chicago or the Chicago Police Department. For each such suspension or discipline, please indicate the reason for the suspension or discipline and any and all rules, regulations, or professional conduct codes that YOU were determined to have violated.

**ANSWER:**     Defendant Officer objects to Interrogatory no. 16 to the extent that it seeks information that is not relevant nor is it reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving such objections, this Officer was suspended for 60 days following the shooting incident that took place at his home.

6

17. Prior to the date of this incident, have YOU ever been arrested? If yes, please state the date of the arrest, the charge, the arresting agency, and outcome of the case.

**ANSWER:** Defendant Officer objects to Interrogatory no. 17 to the extent that it seeks information that is not relevant nor is it reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving such objections, this Officer was arrested for simple battery in 2007. The arresting agency was the Chicago Police Department. The charges were dismissed.

18. Please state whether YOU took any witness statements of the incident as part of YOUR investigation of this matter. If yes, please give the name and a brief summary of the witness statement.

**ANSWER:** No.

19. Please state the reasons why YOU never included a witness statement or listed Tow Truck Driver Donald A. Leitmeyer as a witness of the incident giving rise to this complaint in Plaintiff Elaina Turner's arrest report or the Original Incident Case Report you filed on this matter?

**ANSWER:** Defendant Officer objects to Interrogatory no. 19 to the extent that it is vague and assumes facts not in evidence. Subject to and without waiving such objections, this Officer did not deem it necessary to include a witness statement or list the tow truck driver as a witness.

20. Please state all communications or contacts between YOU and any Defendant Officer and/or any other PERSON(s) relating to the subject matter of the complaint. This Interrogatory includes, but is not limited to, all communication YOU had with another law enforcement officer or agency (i.e. Independent Police Review Authority); and/or communications between YOU and any employee of the **Cook County State's Attorney Office or City of Chicago Attorney for the Department of Administrative Hearings**. For each such communication please state: (a) the approximate date and time the communication took place; (b) where the communication took place; (c) who was present during the communication; and (d) whether the communication was oral, written, or other.

**ANSWER:** Defendant Officer objects to Interrogatory no. 20 to the extent that it is overly-broad, not limited in time or scope, and seeks information that is privileged pursuant to the attorney-client privilege. Furthermore, Interrogatory no. 20 seeks a narrative and is better suited for a deposition. Subject to and without waiving such objections, this Officer spoke with Assistant State's Attorneys in preparation for Plaintiffs' criminal trial on several occasions. This Officer does not recall the dates, time, persons present, and specific subject matters of these conversations. This Officer was interviewed by and IPRA investigator in the presence of his counsel on August 17, 2015.

21. Please state whether YOU have ever been disciplined by the City of Chicago or the Chicago Police Department for the incident giving rise to this complaint? If yes, please state the discipline administered.

**ANSWER:** No.

22. Please state any and all persons by name, including if applicable Defendant Jeffrey Weber, that claims saw Elaina Turner resist arrest and attempt to run away from YOU prior to YOUR decision to use YOUR taser against her.

**ANSWER:** Defendant Officer objects to Interrogatory no. 22 to the extent that it calls for speculation and seeks information that is outside the scope of this Officer's knowledge. Subject to and without waiving such objections, ths Officer, Patrick Kelly, saw Plaintiff Turner resist arrest and run away. Upon information and belief, Defendant Officer Weber does not claim to have seen Plaintiff Turner resist arrest and run away from this Officer. This Officer does not know if anyone else witnessed these acts.

23. Please state any and all persons by name, including, if applicable, Defendant Jeffrey Weber, that claims to have witnessed Plaintiff Ulysses Green attempt to punch YOU on August 2, 2013?

**ANSWER:** Defendant Officer objects to Interrogatory no. 23 to the extent that it calls for speculation and seeks information that is outside the scope of this Officer's knowledge. Subject to and without waiving such objections, ths Officer, Patrick Kelly, saw Plaintiff Green attempt to punch this Officer. Upon information and belief, Defendant Officer Weber does not claim to have seen Plaintiff Green attempt to punch this Officer. This Officer does not know if anyone else witnessed these acts.

24. Prior to August 2, 2013, please state the circumstances surrounding any and all prior contact with Plaintiff Ulysses Green and/or Elaina Turner.

**ANSWER:** Defendant Officer objects to Interrogatory No. 24 to the extent that it is vague, overly -broad, and calls for a narrative that is better suited for a deposition. Subject to and without waiving such objections, this Officer had contact with Plaintiffs two days prior to August 2, 2013 when he responded to Plaintiffs' address to assist with a tow. This Officer had prior contact with Plaintiff Green when he responded to Green's address in response to Green's request for an officer to generate a report pertaining to a child custody matter. This Officer cannot recall if a report was generated, but recalls that Plaintiff Green was angry and hostile. Investigation continues.

            Respectfully submitted,

            BORKAN & SCAHILL, LTD.

            By: /s/ Krista E. Stalf
               Krista E. Stalf

Krista E. Stalf (6287032)
BORKAN & SCAHILL, LTD.
20 South Clark Street, Suite 1700
Chicago, Illinois 60603
(312) 580-1030

## **CERTIFICATION**

  Under penalty of perjury, I certify that the statements set forth in this instrument are true and correct, except as to matters herein stated to be on information and belief, and as to such matters I certify that I verily believe the same to be true.

_____
Patrick Kelly

BORKAN & SCAHILL, LTD.
Two First National Plaza
20 South Clark Street
Suite 1700
Chicago, Illinois 60603
(312) 580-1030