JEFFREY B. GRANICH
ATTORNEY AT LAW

THE MONADNOCK BUILDING    53 WEST JACKSON BOULEVARD    SUITE 1028    CHICAGO, IL 60604
TEL 312-939-9009    CELL 312-882-9997    JEFFREYGRANICH@ME.COM

June 24, 2016

Marion Moore, <marion.moore@cityofchicago.org>
Jason Marx, <jason.marx@cityofchicago.org>
*Attorney for Defendant City of Chicago*
City of Chicago Law Department
30 N. LaSalle Ave, Suite 900
Chicago, Illinois 60602

Krista E. Stalf, <kstalf@borkanscahill.com>
Borkan & Scahill, Ltd.
*Attorney for Defendant Officers*
Two First National Plaza
20 South Clark Street, Suite 1700
Chicago Illinois 60603

**SENT VIA ELECTRONIC TRANSMISSION**

    Re:    *Turner et al. vs. City of Chicago, et al.*, 15 CV 6741

Dear Counsels,

I am writing pursuant to Local Rule 37.2 and Federal Rule of Civil Procedure 37(a)(1) in an attempt to resolve certain issues that recently came to light after the City of Chicago's document production on June 22, 2016, with deficiencies in the City of Chicago's responses to Plaintiff's first set of document production. Further, a review of our file concludes that Defendant Kelly, Weber, and Kubik have yet to respond to the Plaintiffs' first set of document requests served in February 2016, despite Honorable Judge Cox ordering its production by April 8, 2016. (*See* Dkt 34.)

**Deficiencies of Defendants Kelly, Weber, and Kubik Production**

A review of our file concludes that the Defendant Officers failed to respond to Plaintiffs' First Set of Request to Produce Documents served on February 10, 2016. The Defendant Officers have been unresponsive for over four months, neglecting to respond or produce any documents as required per Federal Rule. If the Defendant Officers met their legal obligation and produced this information, Plaintiffs would not have learned only a day prior to Defendant Kelly's deposition that on two occasions psychiatric evaluations deemed him unfit for duty. Further, Plaintiffs would not have been blindsided by Defendant Kelly's deposition during which he confirmed his involvement in a shooting while on duty in 2014. This shooting resulted in a fatality.

Please provide response to all requests by Monday, June 27, 2016, including all documents relating to the psychiatric treatments of Kelly which lead to a finding of unfitness for duty by the Chicago Police Department. Should the Defendant Officers not produce these documents, we will be forced to file a motion to compel and seek sanctions from the Court.

**Deficiencies of Defendant City of Chicago Production**

    **A.    Psychiatric Evaluation Records of Officer Kelly**

Request numbers 15 and 19 of the Plaintiffs' request for production of documents seeks all documents relating to the Defendants' psychological and evaluative tests for fitness for duty and psychiatric records. Defendant City objected to the request on various grounds, citing federal psychotherapist-patient privilege, Illinois Physician/Patient Review Act, and Illinois Personal Review Act, despite the fact the information sought is clearly reasonably calculated to lead to the discovery of admissible evidence at trial. This information is directly relevant to the state of mind of the Defendants during the events, and in particular, to Defendant City's knowledge of Defendant Kelly's violent tendencies and unstable mental state of mind towards the public. (*See* Count I.) This information is directly related to Count I of the complaint that alleges that the City knew of Defendant Kelly's violent tendencies to civilians yet continued to employ him with the authority of a Chicago Police Officer and arm him with weapons, causing a danger to the public.

Factual circumstances surrounding treatment, including but not limited to what tests or treatment occurred and the identity of the providers are not privileged. In fact, your office suspiciously disclosed that Officer Kelly received two psychiatric evaluations that found him unfit for duty on the eve of Defendant Kelly's deposition, June 22, 2016 – this information should have been tendered much sooner. Further, Defendant City's disclosure was incomplete as the details of these records were not and have not been disclosed. Statements made by police officers in the course of job-required psychological evaluations during which the officer is informed that results will be shared with the Chicago Police Department are not privileged. *Scott v. Edinburg*, 101 F. Supp. 2d 1017 (N.D. Ill. 2000). Clearly, these evaluations were shared with the Chicago Police Department as Defendant Kelly testified at his deposition that, following an arbitration, his finding of unfitness was reversed. All psychiatric evaluation records and records pertaining to the arbitration should have been produced to the Plaintiffs and we request them to be produced by the end of business on Monday, June 27, 2016.

    **B.    U-File and all Documents Relating to Officer Kelly's Police-Involved Shooting that Caused the Death of a Civilian.**

Additionally, Plaintiffs requested all investigative files concerning Defendants throughout Plaintiffs' requests for production. (*See* Requests 7, 15, 33.) Despite these requests, Defendant City failed to produce or inform the Plaintiffs that Officer Kelly shot and killed a civilian of Chicago while on duty. Plaintiffs learned of this startling and relevant information during Officer Kelly's deposition. This information is and has always been relevant to this matter, which leads Plaintiffs to believe this non-disclosure was intentional. Further, it is particularly disturbing that, had Plaintiffs' counsel not asked Defendant Kelly whether he ever used his

weapon while on duty, Plaintiffs may have never learned of this additional violent act of Kelly against a civilian of Chicago, despite prior requests for this information.

Accordingly, please produce these materials to Plaintiffs by end of the day Monday, June 27, 2016. Plaintiffs have already been prejudiced during the deposition of Defendant Kelly and will be filing a motion to re-depose Defendant Kelly based on the documents that we anticipate receiving relating to his psychiatric evaluations and U-File. Should Defendants City and Officers continue to neglect and fail to produce these documents, we will be forced to file a motion to compel and seek sanctions and attorneys' fees and costs in pursuing this motion.

Sincerely,


Jeffrey B. Granich