UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ELAINA TURNER and ULYSSES GREEN, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 15 cv 6741 |
| v. | ) | |
| | ) | Judge Sharon Johnson Coleman |
| CITY OF CHICAGO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

On October 27, 2016, Magistrate Judge Susan E. Cox filed her report and recommendation regarding plaintiffs' motion for sanctions (Dkt. 63). Judge Cox recommends granting the motion against defendant City of Chicago ("City"), and denying the motion against defendant Officer Patrick Kelly. This Court has reviewed plaintiffs' motion for sanctions, the relevant briefs, and Judge Cox's report, and this Court accepts Judge Cox's report and recommendation.

**Statement**

Pursuant to Federal Rule of Civil Procedure 72(b)(3) "the district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district court may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed.R.Civ.P. 72(b)(3). Federal Rule of Civil Procedure 72(b)(2) provides for objections to be filed within 14 days after being served with a copy of the recommended disposition. Fed.R.Civ.P. 72(b)(2). Judge Cox included the timeframe for filing objections in the order accompanying her report and recommendation. *See Dkt. 122*.

No objections have been filed by either party. This Court therefore accepts Judge Cox's finding that the City violated Federal Rule of Civil Procedure 26(a) by waiting until Kelly's deposition to produce documents relating to the April 2014 incident. The City should have known

what was (and was not) included in the Complaint Register Management System ("CRMS") history files that had already been produced to plaintiffs. When the City received plaintiffs' Request for Production Number 7, seeking the *complete* disciplinary background of all defendant Officers, it was required to ensure that it provided complete production of responsive, relevant, and non-privileged documents.

This Court also accepts Judge Cox's finding that Kelly did not violate discovery rules by failing to produce documents relating to the April 2014 incident because plaintiffs never moved to compel production after Kelly's failure to respond at all to the request to produce.

This Court therefore adopts Judge Cox's recommendation that the following sanctions be awarded: The City shall pay plaintiffs' fees and costs associated with preparing for, and taking, the second deposition of defendant Kelly, and the City shall provide plaintiffs with a certification attesting that a complete and exhaustive search has been conducted and all investigative files relating to Kelly have been produced.

IT IS SO ORDERED.

ENTERED:

Dated: December 8, 2016

_____
SHARON JOHNSON COLEMAN
United States District Judge